UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIJAH SHAMAR HANNA, Plaintiff, -against- COMMISSIONER OF SOCIAL SECURITY, Defendant. | 26-CV-4762 (LTS) ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, Elijah Shamar Hanna, who is currently incarcerated in Federal Medical Center Devens in Ayer, Massachusetts, brings this action *pro se* under 42 U.S.C. § 405(g), seeking judicial review of a final administrative decision of the Commissioner of Social Security ("Commissioner"). By separate order, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

Plaintiff uses the Court's complaint form for actions brought under 42 U.S.C. § 405(g), but he provides little information on the form. He states that he is a resident of Kings County, New York, and lists his social security number as "pending." (ECF 1, at 1.) In the spaces on the complaint form to provide the date of the Administrative Law Judge's ("ALJ") decision, the date of the Appeals Council letter, and the date he received the Appeals Council letter, Plaintiff writes "TBD." (*Id.* at 2.) Plaintiff does not attach a copy of the Appeals Council letter or provide any other information about the decision of the Commissioner that he is challenging.[1]

## DISCUSSION

The Social Security Act permits claimants to seek review in federal court of a "final decision of the Commissioner of Social Security made after a hearing to which [the claimant] was party." 42 U.S.C. § 405(g). If a complaint does not contain allegations showing that there has been a final decision, then it does not satisfy the requirements for jurisdiction under Section 405(g). *See Weinberger v. Salfi*, 422 U.S. 749, 764 (1975) ("The statute empowers district courts to review a particular type of decision by the Secretary, that type being those which are 'final' and 'made after a hearing.'").

The "final decision" requirement has two elements. The first is the requirement that a claim for benefits be presented to the Commissioner. The second is the requirement that the administrative remedies of the Social Security Administration ("SSA") be exhausted. *Abbey v. Sullivan*, 978 F.2d 37, 43 (2d Cir. 1992) (citing *Bowen v. City of New York*, 476 U.S. 467, 483

[1] On July 17, 2026, Plaintiff filed a document labeled "Motion to Add Defendant And Pro Se Corporation Fraud," in which he seeks to add Graham Morrison, an attorney who has appeared in this action on behalf of the Commissioner, as a defendant in this action because Morrison is an employee of the Social Security Administration and "is in violation of pro se corporation fraud." (ECF 7, at 1.)

(1986)). To exhaust the administrative review process, a plaintiff must: (1) receive an initial determination concerning the computation of benefits; (2) seek reconsideration; (3) request a hearing before an ALJ; and (4) request that the Appeals Council review the ALJ's decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.900(a)(1)-(5). When the Appeals Council issues a final decision, the plaintiff's administrative remedies have been exhausted, and the plaintiff may seek review of that decision in a federal district court.[2]

A plaintiff's failure to exhaust may be excused, either by the Commissioner or, under limited circumstances, by the courts. *City of New York v. Heckler*, 742 F.2d 729, 736 (2d Cir. 1984). But "exhaustion is the rule, waiver the exception." *Abbey*, 978 F.2d at 44. Courts look to the following factors in determining whether to excuse failure to exhaust: "(1) that the claim is collateral to a demand for benefits; (2) that exhaustion would be futile; and (3) that plaintiff[] would suffer irreparable harm if required to exhaust administrative remedies." *Pavano v. Shalala*, 95 F.3d 147, 150 (2d Cir. 1996) (citing *Abbey*, 978 F.2d at 44).

Here, Plaintiff's complaint contains no indication that he presented a claim to the Commissioner or that he exhausted his administrative remedies and received a final decision from the Commissioner regarding his claim for benefits. Also, Plaintiff does not set forth facts demonstrating that any failure to exhaust should be excused. Because Plaintiff does not allege facts showing that this Court has jurisdiction under Section 405(g) to hear his claims, his complaint cannot proceed at this time.

---

[2] "[I]f . . . the [Appeals] Council denies the request for review, the ALJ's opinion becomes the final decision." *Sims v. Apfel*, 530 U.S. 103, 107 (2000). "If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases." *Id.*

Second Circuit precedent is clear that "[a] *pro se* complaint should not [be] dismiss[ed] without [the Court] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). Because the nature and viability of Plaintiff's claims are not clear, the Court grants Plaintiff leave to amend his complaint to allege facts showing that he presented a claim for benefits to the Commissioner and that he exhausted his administrative remedies with the SSA before filing this action in federal court, or to set forth facts showing that his failure to exhaust administrative remedies should be excused, consistent with the standards set forth above.[3]

**LEAVE TO AMEND**

Plaintiff is granted leave to amend his complaint to detail his claim. Using the complaint form for actions brought under 42 U.S.C. § 405(g), Plaintiff must:

a) provide the date of the ALJ's decision;

b) provide the date of the Appeals Council letter;

c) provide the date he received the Appeals Council letter; and

d) attach a copy of the Appeals Council letter to his amended complaint.

---

[3] Plaintiff should note that an action filed pursuant to 42 U.S.C. §§ 405(g) and/or 1383(c)(3) may be brought only in "the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia." 42 U.S.C. § 405(g); *see* § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing under [§ 1383(c)(1)] shall be subject to judicial review as provided in section 405(g)."). Plaintiff appears to suggest that he resides in Kings County, New York, which is located within the Eastern District of New York. *See* 28 U.S.C. § 112(c). If Plaintiff files an amended complaint and the Court determines that venue for Plaintiff's claims is not proper in this district, the Court may transfer this action, under 28 U.S.C. § 1406, to an appropriate venue.

If Plaintiff has not exhausted his administrative remedies, he must include facts showing that his failure to exhaust his administrative remedies should be excused. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

**CONCLUSION**

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 26-CV-4762 (ABC). An Amended Social Security Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed and cannot show good cause to excuse such failure, the Court will dismiss the action for failure to exhaust his administrative remedies, without prejudice to filing a new action after Plaintiff has exhausted his administrative remedies.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: July 28, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ________________________________________ (Your Name & Social Security Number) | | **AMENDED COMPLAINT** |
| Plaintiff, | | |
| -against- | | ____ **Civ.** _________ (____) |
| COMMISSIONER OF SOCIAL SECURITY, | | |
| Defendant. | | |

Plaintiff respectfully alleges:

1. This is an action seeking court review of the decision of the administrative law judge pursuant to section 205(g) and/or section 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. § 405(g) and/or § 1383(c)(3).

2. Plaintiff resides at_____________________________________________

_________________________________________________________________

3. Defendant is the Commissioner of Social Security.

4. Plaintiff became entitled to receive disability insurance benefits and/or Supplemental Security Income benefits because of the following disability____________

_________________________________________________________________

_________________________________________________________________

5. The disability began on this date _____________________.

6. That the Bureau of Disability Insurance of the Social Security Administration disallowed plaintiff's application upon the ground that plaintiff failed to establish a period of disability and/or upon the ground that plaintiff did not have an impairment or combination of impairments of the severity prescribed by the pertinent provisions of the Social Security Act to establish a period of disability or to allow disability insurance benefits or Supplemental Security Income benefits.

7. Subsequent thereto, plaintiff requested a hearing, and on _____________[date of hearing], a hearing was held which resulted in a denial of plaintiff's claim on _____________ [date of administrative law judge decision].

8. Thereafter, plaintiff requested review by the Appeals Council, and after its consideration, the decision of the administrative law judge was affirmed on _______________ [date of Appeals Council letter]. Plaintiff received this letter on _________________, thereby making the administrative law judge's decision the "final decision" of the Commissioner, subject to judicial review pursuant to 42 U.S.C. § 405(g)and/or §1383(c)(3). **IMPORTANT: ATTACH A COPY OF THE APPEALS COUNCIL LETTER TO THE BACK OF THIS COMPLAINT.**

9. The decision of the administrative law judge was erroneous, not supported by substantial evidence on the record, and/or contrary to the law.

**WHEREFORE**, plaintiff respectfully prays that:

(a) A summons be issued directing defendant to appear before the Court;

(b) Defendant be ordered to submit a certified copy of the transcript of the record, including the evidence upon which the findings and decision complained of are based;

(c) Upon such record, this Court should modify the decision of the defendant to grant monthly maximum insurance and/or Supplemental Security Income benefits to the plaintiff, retroactive to the date of the initial disability, or in the alternative, remand to the Commissioner of Social Security for reconsideration of the evidence; and,

(d) For such other and further relief as may be just and proper.

Dated: ___________________ ________________________________
Plaintiff's Signature

________________________________
Area Code and Telephone

Rev.11/2010